<pre>
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
</pre>

DAMANI C.,[1]

                                      Plaintiff,         Case # 22-CV-890-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

## INTRODUCTION

Plaintiff Damani C. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In December 2019, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 112. He alleged disability since January 2012 due to schizophrenia, depression, and anxiety. *Id.* In November 2021, Administrative Law Judge Stephen Cordovani ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 10-24. In September 2022, the Appeals Council

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6-7.

1

denied Plaintiff's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December

2019, his application date. Tr. 14. At step two, the ALJ found that Plaintiff suffered from severe mental impairments, "variously characterized as schizoaffective disorder, depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder." *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 15.

Next, the ALJ determined that Plaintiff had the RFC to perform work at all exertional levels, but that he had a number of non-exertional limitations. Tr. 17-18. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 22. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 23-24. The ALJ therefore found that Plaintiff was not disabled. Tr. 24.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ erroneously evaluated the opinions of consultative examiner Marisol Valencia-Payne, Psy.D., and state-agency consultant A. Chapman, Psy.D. ECF Nos. 8-1, 10. The Court concludes that Plaintiff's arguments do not warrant remand.

### a. Dr. Valencia-Payne

In September 2020, Plaintiff met with Dr. Valencia-Payne for a consultative psychiatric evaluation. Tr. 606. After the examination, Dr. Valencia-Payne diagnosed Plaintiff with schizoaffective disorder (depressive type), post-traumatic stress disorder, and generalized anxiety disorder. Tr. 610. She opined that, among other things, Plaintiff was moderately to markedly limited in his abilities to interact with others in a work setting, regulate emotions, control behavior, and maintain well-being. Tr. 609. The ALJ found Dr. Valencia-Payne's opinion "somewhat persuasive." Tr. 21. He wrote:

> [W]hile Dr. Valencia-Payne appeared to have supported her findings with her examination of [Plaintiff] and program knowledge, it was based only on one short

4

>examination and without the benefit of examining [Plaintiff] again later or reviewing the records that revealed no objective evidence of psychoses and what appeared to be reported symptoms for the purposes of various secondary gains. Rather, this opinion is susceptible to [Plaintiff's] subjective complaints and reporting, both of which are not necessarily borne out of the objective record itself.

*Id.* The ALJ found Dr. Chapman's opinion "more persuasive because he had the benefit of reviewing the greater and more longitudinal evidence and he set forth much more detailed and consistent limitations." *Id.*

Plaintiff contends that the ALJ's reasons for rejecting Dr. Valencia-Payne's opinion were erroneous. First, he asserts that the ALJ's rationale was internally inconsistent, insofar as he "faulted Dr. Valencia-Payne's opinion for being based on a one-time examination" while finding Dr. Chapman's opinion persuasive despite "the fact that [he] never examined Plaintiff at all." ECF No. 8-1 at 11. Second, the ALJ criticized Dr. Valencia-Payne for not reviewing later records, despite the fact that Dr. Chapman "rendered his opinion only eight days after Dr. Valencia-Payne." *Id.* Third, Plaintiff argues that an examining medical source's opinion should be given greater weight than that issued by a non-examining medical source. *Id.* at 12. Fourth, the ALJ's rejection of Dr. Valencia-Payne's opinion on the ground that it was "based on Plaintiff's subjective complaints" was improper because a psychiatric diagnosis is inherently subjective. *Id.* at 14-15.

At their core, Plaintiff's arguments amount to mere disagreements with the manner in which the ALJ weighed the relevant factors, which is not grounds for remand, since "[i]t is the responsibility of the ALJ to decide what weight to afford conflicting medical opinions . . . pursuant to the prescribed factors." *Eckert v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-4054, 2025 WL 327974, at *6 (E.D.N.Y. Jan. 29, 2025); *see also Jennifer S. v. Comm'r of Soc. Sec.*, No. 23-CV-1053, 2025 WL 890206, at *5 (W.D.N.Y. Mar. 24, 2025) (stating that "where there is conflicting evidence in the record, it is the ALJ's duty to consider and weigh those discrepancies—[]it is not

5

the Court's function to re-weigh the evidence"). As a general matter, the Court does not disagree with Plaintiff that an examining source's opinion may, ordinarily, be worthy of more weight than a non-examining source's, but there is no regulatory bar to the ALJ deciding otherwise if the records support such a conclusion. *See, e.g.*, *Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) ("[T]he regulations . . . permit the opinions of nonexamining sources to override treating sources' opinions provided they are supported by evidence in the record."). The same goes for Plaintiff's arguments regarding Dr. Valencia-Payne's reliance on subjective complaints. *See, e.g.*, *Michelle D. v. Comm'r of Soc. Sec.*, No. 22-CV-6538, 2024 WL 108685, at *3 (W.D.N.Y. Jan. 10, 2024) (explaining that an ALJ may reasonably reject an opinion that "simply parrot[s] [a claimant's] subjective complaints"). The "relevant question[s] on appeal" are simply whether the ALJ adhered to the relevant legal standards and whether he arrived at a decision "supported by substantial evidence." *Wayne C. v. Comm'r of Soc. Sec.*, No. 23-CV-1253, 2025 WL 755429, at *3 (W.D.N.Y. Mar. 10, 2025).

On this basic issue, Plaintiff makes no persuasive argument warranting remand. Omitted from Plaintiff's briefing is any substantive discussion of his alleged malingering, which significantly informed the ALJ's decision-making. *See* Tr. 19, 21. For example, in August 2019, Plaintiff was treated at a hospital for suicidal ideation. Plaintiff's fairly benign and "nonchalant" presentation were inconsistent with his claim, however, Tr. 547-48, and the records suggest that Plaintiff may have sought treatment to avoid parole consequences—specifically, he had missed a parole date and was positive for cocaine use. Tr. 551, 554. In May 2021, Plaintiff was again admitted to the Erie County Medical Center for suicidal ideation. Tr. 780. The treatment notes disclose "no evidence objectively of psychotic symptoms on exam," Tr. 781, and it was concluded that Plaintiff was "utilizing the hospital for secondary gain, hoping to solve his social problems,

rest, and obtain food." Tr. 782.  The ALJ relied in part on this evidence to find Dr. Chapman's opinion more persuasive than Dr. Valencia-Payne's.  *See* Tr. 21.

Plaintiff has proffered no convincing reason why the ALJ's rationale was improper.  Dr. Valencia-Payne's evaluation could be reasonably interpreted to be based in large part on Plaintiff's self-reporting.  *See* Tr. 606-07.  But because the ALJ could reasonably find that Plaintiff was not a credible historian, he could reasonably reject a medical opinion based on such self-reporting.  *See Michelle D.*, 2024 WL 108685, at *3.  For this reason, it was reasonable for the ALJ to reject Dr. Valencia-Payne's one-off examination and rely on an opinion that took into account Plaintiff's longitudinal record.  *See Davis v. Comm'r of Soc. Sec.*, No. 16-CV-1074, 2017 WL 7049560, at *5 (N.D.N.Y. Nov. 20, 2017) ("[A]n ALJ may provide less weight to a doctor's opinion if it was based largely upon the subjective statements of a plaintiff[] who the ALJ had reasonably [found to] be less than fully credible.").

As a result, Plaintiff has failed to demonstrate an error in the ALJ's evaluation of Dr. Valencia-Payne's opinion that warrants remand.

    **b. Dr. Chapman**

Plaintiff next argues that, even if Dr. Chapman's opinion were properly given more weight, the ALJ failed to incorporate limitations that Dr. Chapman identified.  *See* ECF No. 8-1 at 18-23.  Specifically, Plaintiff alleges that the ALJ failed to include restrictions to account for his moderate limitations in his abilities to maintain attention and concentration, sustain an ordinary routine, perform at a consistent pace, and maintain a schedule and regular attendance.  Tr. 129-30.    The Court is not convinced.  None of the moderate limitations that Dr. Chapman identified is inconsistent with the RFC that the ALJ constructed, which limits Plaintiff to a low stress work environment "reflected by simple, unskilled work, no supervisory duties, no independent decision-

making or goal setting, no strict production quotas as with assembly line work, minimal changes in work routine and processes, and no unfamiliar travel." Tr. 17-18.  It is "well established that an RFC for unskilled work is not inconsistent with [] moderate mental impairments." *Tammy B. v. Comm'r of Soc. Sec.*, No. 20-CV-44, 2021 WL 2155099, at *3 (W.D.N.Y. May 27, 2021); *see also Stephanie F.B. v. Comm'r of Soc. Sec.*, No. 22-CV-311, 2024 WL 4116263, at *4 (W.D.N.Y. Sept. 9, 2024) (collecting cases and noting that "moderate limitations in the areas of concentrating, persisting, or maintaining pace are generally accommodated by a limitation to performing unskilled, routine work"); *Phillip D. v. Comm'r of Soc. Sec.*, No. 20-CV-6746, 2022 WL 2872646, at *4 (W.D.N.Y. July 21, 2022) ("[C]ourts in this Circuit have found that a plaintiff's moderate limitation in maintaining regular attendance and sustaining an ordinary schedule is not inconsistent with an RFC finding limiting Plaintiff to simple, routine tasks." (internal quotation marks omitted)); *Maria A.R. v. Kijakazi*, No. 21-CV-290, 2022 WL 2954376, at *10 (N.D.N.Y. July 26, 2022) (rejecting the claim that a moderate limitation in persistence necessitated off-task time amounting to twenty percent of the workday).  Plaintiff's argument does not merit relief.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 23, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York